Filed 1/16/14  N.T. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| N.T.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>　　　　　Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>　　　　　Real Party in Interest. | F068274<br><br>(Super. Ct. No. 12CEJ3000077)<br><br><br>**O P I N I O N** |

## THE COURT\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary Dolas, Commissioner.

Kenneth K. Taniguchi, Public Defender, and Douglas S. Feinberg, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Kevin Briggs, County Counsel, and Amy K. Cobb, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

\*　　　Before Gomes, Acting P.J., Kane, J., and Detjen, J.

N.T. (father) is the presumed father of two-year-old Jeremiah, the subject of this writ petition. After exercising its dependency jurisdiction over Jeremiah, respondent court denied father reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(1)[1] because his whereabouts were unknown and set a six-month review hearing. (§ 366.21, subd. (e).) Prior to the six-month review hearing, father made his whereabouts known and requested reunification services. Respondent court set a section 366.26 hearing without offering father services or denying him services on any ground other than subdivision (b)(1) of section 361.5.

Father seeks extraordinary writ relief, contending the juvenile court erred in setting the section 366.26 hearing. We grant the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In March 2013, the Fresno County Department of Social Services (department) removed then 21-month-old Jeremiah from the custody of his paternal cousin (the cousin). The cousin explained that Jeremiah had been in her care for almost two weeks after she picked him up for a visit from the apartment father shared with Jeremiah's mother Cynthia. Father and Cynthia were not at the apartment when the cousin arrived. Jeremiah was on the living room couch asleep and there were people smoking methamphetamine. The cousin said she could no longer care for Jeremiah and did not know where father and Cynthia were.

The department filed a dependency petition alleging in part that father and Cynthia failed to adequately care for Jeremiah and provide him ongoing care and support. (§ 300, subds. (b) & (g).) The department placed Jeremiah in foster care.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In late March 2013, the juvenile court conducted the detention hearing. Father and Cynthia did not appear. The court ordered Jeremiah detained and ordered the department to assess father and Cynthia for services when they made contact. The court set the jurisdictional/dispositional hearing (combined hearing) for May 2013.

Meanwhile, in April 2013, Cynthia died and the department filed an amended petition alleging single counts as to father under section 300, subdivisions (b) and (g). The juvenile court detained Jeremiah on the amended petition and continued the combined hearing.

In March and April 2013, father contacted social worker Justina Odia several times by telephone wanting to meet with her to discuss reunification services. She agreed to meet with him but he did not show and made no further contact. Even though Odia had telephone contact with father, she did not know where he was.

The department recommended the juvenile court deny father reunification services under section 361.5, subdivision (b)(1) because his whereabouts were unknown.

In May 2013, the juvenile court convened the combined hearing and found the department made a diligent search to locate father but that his whereabouts were unknown. The juvenile court sustained the allegations, denied father reunification services under section 361.5, subdivision (b)(1) and set a six-month review hearing in September 2013.

On June 28, 2013, father informed the department he was in jail. On July 17, 2013, father told Odia he had been in jail since mid-May and wanted to participate in services upon his release.

On August 20, 2013, father appeared at a hearing on a JV-180 (Request to Change Court Order) filed by the department to grant the cousin educational rights for Jeremiah. The juvenile court granted the petition and asked what action the department had taken with respect to services for father. Odia said father was not receiving services but she

3

told him to contact the department once he was released from jail. The court stated father did not have to wait until his release and that it was the department's responsibility to contact him. The court advised Odia to consult with county counsel to determine the department's responsibility with respect to providing father services.

On August 29, 2013, Odia visited father in jail. He said he was serving a 22-month sentence and his earliest release date was April 2014. He said he would participate in any services offered at the jail and agreed to having Jeremiah placed with his cousin. Odia explained to father that the department would not be able to provide him reunification services because the six months allowable under the statute would expire before April 2014. Father said he understood and would find a way to participate in services available to him in jail. He gave Odia a visitation schedule so she could schedule visits for him.

On September 10, 2013, Odia submitted an ex parte application along with a JV-180 asking the juvenile court to deny father reunification services under section 361.5, subdivision (e)(1)[2] (subdivision (e)(1)) because his incarceration would exceed the allowable time to reunify under the statute. She asked that the hearing on the JV-180 be heard on September 16, 2013, the date set for the six-month review hearing. However, the court did not set a hearing on Odia's JV-180. Instead, the court denied Odia's application because the JV-180 was "incorrect/incomplete."

---

[2] Section 361.5, subdivision (e)(1) provides as relevant here: "If the parent … is incarcerated …, the court shall order reasonable services unless the court determines, by clear and convincing evidence, those services would be detrimental to the child. In determining detriment, the court shall consider the age of the child, the degree of parent-child bonding, the length of the sentence, the length and nature of the treatment, the nature of the crime …, [and] the degree of detriment to the child if services are not offered …."

Nevertheless, on September 11, 2013, the department served the parties notice that a hearing on the JV-180 was scheduled for September 16, 2013, and that the department recommended the juvenile court deny father reunification services under subdivision (e)(1). The department also served the parties a copy of its report for the September 16 hearing.

In its report, the department stated Jeremiah was in foster care and it was evaluating relatives for placement. The department recommended the juvenile court deny father reunification services under subdivision (e)(1) and set forth its reasoning why ordering services would be detrimental to Jeremiah.

In addition, the department provided the juvenile court information with which to make findings under section 366.21, subdivision (e), the statute governing the six-month review hearing. Specifically, the department analyzed whether there was a substantial probability Jeremiah would be returned to father's custody and concluded there was not. It also proposed the juvenile court find that the department provided father reasonable services. The department attached what appears to be a duplicate of the JV-180 Odia previously attempted to file and recommended in its proposed orders that the juvenile court grant its JV-180 denying father reunification services.

On September 16, 2013, the juvenile court convened the six-month review hearing but continued it because county counsel thought that the department's JV-180 was on calendar to be heard and because its proposed orders and findings were inconsistent with its recommendation. Father's attorney asked the court to set a contested hearing which it did. The department did not file an updated report in the interim or separately file a JV-180.

On October 30, 2013, the juvenile court convened the contested six-month review hearing. County counsel was still under the impression that a hearing on the department's JV-180 was calendared for that time. The court stated it was not and denied

5

county counsel's request to file it in open court because of lack of notice. The court also denied county counsel's request to continue the hearing to properly file and serve notice of the JV-180. Father's counsel withdrew his request for a contested hearing and submitted on the six-month status report.

At the conclusion of the hearing, the juvenile court found the department complied with the case plan by making reasonable efforts to return Jeremiah to a safe home, father made no progress toward alleviating the need to place Jeremiah in foster care, it would be detrimental to return Jeremiah to father's custody, and father failed to participate in services and regularly visit Jeremiah.

Father's attorney asked the juvenile court not to enter an order denying father reunification services. The court stated, "I didn't make that order because [father] had previously been denied and, at this time, there's been no information to authorize this court to order reunification services. So I didn't make that order."

The juvenile court set a section 366.26 hearing and advised father that the court could terminate his parental rights and order Jeremiah placed for adoption at the section 366.26 hearing. This petition ensued.

## DISCUSSION

Section 361.5 and its various subdivisions govern the provision of reunification services. As a general rule, the juvenile court must provide reunification services when it removes a child from parental custody. (§ 361.5, subd. (a).) However, there are exceptions ─ namely, the circumstances described in section 361.5, subdivision (b)(1) through (16). In this case, the juvenile court denied father reunification services under subdivision (b)(1) which provides that "reunification services need not be provided to a parent … when the court finds, by clear and convincing evidence .… [¶] [t]hat the whereabouts of the parent … is unknown."

6

If the juvenile court denies a parent reunification services under section 361.5, subdivision (b)(2) through (16), the juvenile court is authorized under section 361.5, subdivision (f) to set a section 366.26 hearing. (§ 361.5, subd. (f).) However, if the sole basis of denial of services is the unknown whereabouts of the parent under section 361.5, subdivision (b)(1), the juvenile court must set a six-month review hearing. (Cal. Rules of Court, rule 5.695(h)(9).) The underlying intent is to provide a parent whose whereabouts are initially unknown but who desires reunification an opportunity to reunify if the parent's whereabouts become known within a reasonable period. This intent is made apparent in section 361.5, subdivision (d) which provides:

> "If reunification services are not ordered pursuant to paragraph (1) of subdivision (b) and the whereabouts of a parent become known within six months of the out-of-home placement of the child, the court shall order the social worker to provide family reunification services in accordance with this subdivision."

If the whereabouts of the parent become known prior to the six-month review hearing and the parent requests services, the department has a duty to seek a modification of the dispositional order. (Cal. Rules of Court, rule 5.695(h)(9).)

In this case, the department attempted to modify the juvenile court's order denying father services under subdivision (b)(1) by filing a JV-180 asking the court to deny him services under section 361.5, subdivision (e)(1). However, the department failed to produce a JV-180 acceptable to the juvenile court. To make matters worse, the juvenile court proceeded to permanency planning without offering father reunification services or denying them to him on any basis other than his unknown whereabouts.

"Before termination of parental rights can occur, the law requires the court to find either that services would have been futile or detrimental to the minor under any of the relevant subdivisions of section 361.5, with the obvious exception of subdivision (b)(1), or that the [department] at least tried to reunite the family by making reasonable efforts or

7

offering services to the parents.  (§§ 366.21, subds. (e), (f), 366.22.)"  (*In re T.M.* (2009) 175 Cal.App.4th 1166, 1173.)

Further, the error in proceeding to a section 366.26 hearing in this case was not harmless.  Father was never given the opportunity to reunify or to challenge a request to deny him reunification services under any subdivision of section 361.5.  Consequently, remand is required.

The final issue to resolve is the appropriate remedy.  Because Jeremiah was under three years of age on the date of initial removal, father would have been entitled under section 361.5, subdivision (a)(1)(B) to six months of court-ordered services from the date of the dispositional hearing but no longer than 12 months from the date he entered foster care.  A child is deemed to have entered foster care on the earlier of the date of the jurisdictional hearing or the date that is 60 days after the date on which the child was initially removed from the parent's physical custody.  (§ 361.49.)

In this case, the dispositional hearing was conducted along with the jurisdictional hearing on May 3, 2013.  Six months from that hearing lapsed on November 3, 2013.  However, there remain approximately three months until the 12-month limitation on services.  That is so because Jeremiah was taken into physical custody on March 15, 2013, sixty days from which was May 15, 2013 and 12 days after the jurisdictional hearing.  Consequently, Jeremiah entered foster care on May 3, 2013, making May 3, 2014, the 12-month limitation on reunification services.

Therefore, on remand, the juvenile court must conduct a hearing and either order the department to provide father reunification services up to the 12-month review hearing or deny him reunification services as applicable under section 361.5, subdivision (b)(2) through (16) and section 361.5, subdivision (e)(1).

**DISPOSITION**

Let an extraordinary writ issue directing respondent court to vacate its order of October 30, 2013, setting the section 366.26 hearing. Respondent court is further directed to conduct a hearing and order reunification services for father or deny him reunification services as applicable under section 361.5, subdivision (b)(2) through (16) and section 361.5, subdivision (e)(1). This opinion is final as to this court.